# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NAKEYSHA WISDOM,

        Petitioner,

v.                                                 Case No. 14-20359

UNITED STATES OF AMERICA,

        Respondent.

## ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE, AND DENYING PETITIONER'S MOTION SEEKING RELIEF BY REDUCTION OF IFRP PAYMENT

Pending before this court is a Motion to Vacate Sentence (Dkt. #66) and a Motion Seeking Relief (Dkt. #75) filed *pro se* by Petitioner Nakeysha Wisdom. After a review of the filings by each of the parties, this court will deny the Petitioner's motions for the following reasons.

## I. BACKGROUND

Petitioner is an inmate at Alderson Federal Prison participating in the Inmate Financial Responsibility Program (IFRP). (Dkt. #65, Pg. ID 382, 384.) She was sentenced by this court to seventy months in prison for conspiring to commit healthcare fraud, violating 18 U.S.C §§ 1347, 1349. (Dkt. #65, Pg. ID 382-83.) In her guilty plea agreement, Petitioner admitted that she was the owner of CLW Adult Day Care Service LLC (CLW). (Dkt. #31, Pg. ID 139.) She admits that, in this position, she "directed the billing of Medicare for psychotherapy services that were not medically necessary, were never provided, or were for beneficiaries who were not present at CLW" for claims of $4.7 million, of which she received $900,000. (*Id.*) Since the beginning of her

incarceration at Alderson, Petitioner has been paid $5.25 per month in wages. (Dkt. #75, Pg. ID 414.) She uses this money, along with some assistance from her family, to pay for her hygienic products and make the IFRP payment required of her. (*Id.*) Over the course of her time at Alderson, the amount of Petitioner's required IFRP payments steadily rose from $25.00 per quarter, to $50.00 per quarter, to the current level of $106.00 per month. (*Id.*)

Petitioner files her Motion to Vacate Sentence ("Memorandum of Law") due to ineffective assistance of counsel under 28 U.S.C. § 2255. Petitioner argues that her counsel was ineffective in the following ways: 1) failing to ensure that she received credit reductions toward the loss amount for the legitimate services and billing which was provided; 2) failing to object to the two-point sentencing enhancement for multiple victims; and 3) failing to call an expert witness to testify at her sentencing. (Dkt. #66.)

In response to the Motion to Vacate Sentence, the Government insists that this motion is devoid of any merit and should be denied. (Dkt. #80, Pg. ID 435.) The Government maintains that Petitioner is attacking the result of her case, not the effectiveness of her counsel. (*Id.* at Pg. ID 431-34.) It argues that amendments to guidelines did not affect the Petitioner's sentencing, that her counsel did in fact litigate the amount of intended loss issue quite extensively, that no two-point enhancement for multiple victims was part of the sentence, and that the failure to call the expert witness to testify at the sentencing hearing was a sound strategic decision. (*Id.* at Pg. ID 430-33.)

Due to the increase of her monthly payment, the Petitioner files her Motion Seeking Relief and Reduction of IFRP Payment. Petitioner asserts that she is not

refusing to participate in the IFRP program and is not challenging the validity of the program; instead, she asks for her payment to be reduced to $25.00 and for relocation to general population quarters at the prison. (*Id.* at Pg. ID 415.)

In response, the Government argues that this court lacks jurisdiction to override the decision of the Bureau of Prisons, on the basis that the Petitioner is currently outside of the Eastern District of Michigan. (Dkt. #82, Pg. ID 445.) The Government maintains that the location of the Petitioner prohibits jurisdiction under 28 U.S.C. § 2241. (*Id.*)

## II. STANDARD

Under a § 2255 habeas corpus petition, a petitioner must show that her case involved a jurisdiction or constitutional error, included a fundamental defect leading to an unjust result, or there was an omission inconsistent with the norms of fair procedure. *Hill v. United States*, 368 U.S 424, 428 (1962); *accord United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993). There are three general avenues in which this court would maintain jurisdiction over the Petitioner's Motion Seeking Relief. *See United States v. Taylor*, Nos. 1:93-cr-51; 1:02-cr-9, 2008 U.S. Dist. LEXIS 54386, at *2-4 (E.D. Tenn. July 14, 2008) (discussing jurisdictional issues of a Defendant challenging the IFRP) *aff'd* 418 Fed. App'x 400 (6th Cir. 2011). These avenues are Federal Rule of Criminal Procedure Rule 35, the restitution statute, 18 U.S.C § 3664(k), or the habeas corpus statutes, 28 U.S.C § 2241 and 28 U.S.C § 2255.

## III. DISCUSSION

Under the Sixth Amendment, any person who is accused of a crime has the right to counsel to assist with a defense. U.S. Const. amend. VI. The Supreme Court, in

*Strickland v. Washington*, set forth a two-part test to determine whether the assistance by counsel was so ineffective that a guilty verdict amounted to a constitutional violation. 466 U.S. 669, 687 (1984). First, the Defendant must show that "counsel's representation fell below an objective standard of reasonableness," and second, that the deficient performance by counsel was prejudicial to the defendant. *Id.* at 687-96.

The IFRP is a work program run by the Bureau of Prisons, with the purpose of allowing "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. The unit staff is charged with creating a financial plan, allowing the inmate to meet all outstanding obligations, and monitoring adherence to the plan set forth. *See* 28 C.F.R. § 545.11. The IFRP, its mission and goals have been endorsed through implication by the Sixth Circuit. *Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001); *see United States v. Webb*, 30 F.3d 687, 690-91 (6th Cir. 1994) (noting that a defendant who is incarcerated must pay restitution through the IFRP).

### A. Motion to Vacate Sentence- U.S.C. § 2255

Petitioner's first contention is that her counsel provided ineffective assistance by failing to ensure that she was credited for any of her legitimate services or billing, when determining the loss amount. (Dkt. #66, Pg. ID 390.) However, this issue was in fact litigated by her counsel. In the Defendant's Sentencing Memorandum, counsel argued against the total amount of billing being the intended loss and that the amount should exclude legitimate billings. (Dkt. #59, Pg. ID 249-51.) Beyond this, counsel also provided a witness report from a Medicare expert, explaining the pertinent billing issues. (*Id.* at 255-75.) In fact, much of the same argument made by Petitioner in her

"Memorandum of Law", was made by her counsel previously. (*See* Dkt. # 66, Pg. ID. 390; *see also* Dkt. #59, Pg. ID 249-51.)

Petitioner cites *United States v. McBride*, as support for her argument that her sentence would have been drastically reduced if the court used the actual loss number instead of the intended loss. (Dkt. #66, Pg. ID 390.) Petitioner seems to be referring to the economic reality principle set forth by the Sixth Circuit in that case. However, she ignores a key theory underlying the principle, which renders the case inapposite. In *McBride*, the court noted that the theory behind the economic reality principle was that it may be unfair to sentence a Defendant based on the intended loss from the sentencing guidelines, when the scheme was doomed to fail and where there was little or no actual loss. *United States v. McBride*, 362 F.3d 375 (6th Cir. 2004). The Petitioner's scheme of defrauding Medicare provided substantial actual losses and was not obviously doomed to fail, thus this principle does not apply to her sentence. She provides no basis as to why her counsel's efforts at establishing the loss amount were unreasonable or prejudicial to her, and therefore she has not established ineffective assistance of counsel. Petitioner's mere dissatisfaction with the result reached by the court, after considering her counsel's argument regarding the loss, is not a legitimate basis for the vacating her sentence under § 2255.

Petitioner also claims her counsel provided ineffective assistance by not objecting to a two-point enhancement to her sentence based on there being multiple victims. However, no two-point enhancement for multiple victims appears in the plea agreement. (Dkt. #31.) Petitioner accrued six levels under 2B1.1(a)(1) of the United States Sentencing Guidelines, for Theft from a Medicare Program. (*Id.*) Among other

assessments, she was assessed two levels under 2B1.1(b)(7)(i) for intended theft from Federal health care program more than $1,000,000. (*Id.*) Petitioner may read this as two separate victims, however the Federal Health Care Program and Medicare are one in the same. The additional assessment under 2B1.1(b)(7)(i) is due to the amount of the intended theft, not for a separate victim. Given that what Petitioner's claims is based on an apparent misreading of the plea agreement, this part of her ineffective assistance of counsel habeas corpus petition is without merit.

Finally, Petitioner asserts that counsel provided ineffective assistance by failing to call Michael A. Kaszubski, an expert on Medicare billing, to testify at the sentencing hearing. (Dkt. #66, Pg. ID 391.) The Supreme Court has made clear that counsel's strategic choices are virtually unchallengeable, so long as they were made after a comprehensive investigation of the law and facts, while considering all possible options. *Strickland*, 466 U.S. at 690-91. She cites the Sixth Circuit case of *Hutchinson* for support, but this case weakens her argument. In that case, the court found no evidence of an inadequate investigation by Defense's counsel and concluded that the decision not to present evidence after adequate investigation was a mere strategic decision—insufficient to establish a basis for habeas relief. *Hutchinson v. Bell*, 303 F.3d 720, 749 (6th Cir. 2002).

Petitioner has not shown that her counsel ignored evidence or failed to investigate the legal options or facts surrounding her case, which could support a claim for habeas relief. *See Strickland*, 466 U.S. at 690-91. Furthermore, she has not shown that the lack of Mr. Kaszubski testifying at sentencing prejudiced her in any way. Petitioner's counsel did not ignore evidence or render an inadequate investigation. Her

counsel merely made a strategic decision to submit a written report by the expert (Dkt. #59, Pg. ID 255), which gave the court more time to consider his testimony, instead of calling him to testify at the sentencing. Without more, such a choice is the type of unchallengeable strategy discussed in *Strickland*.

On each theory for Petitioner's claim of ineffective assistance of counsel, Petitioner has failed meet her burden under *Strickland*. First and foremost, she has failed to show that her counsel's assistance was deficient or fell below an objective reasonableness standard. A court begins with a strong presumption that counsel acts within the vast range of reasonable assistance, which Petitioner must overcome by showing that the actions of counsel were in no circumstance a sound strategy. *Strickland*, 466 U.S. at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). In each of the bases for her claim, Petitioner fails to overcome this strong presumption. In addition, she fails to establish that even if some of counsel's actions could be deemed deficient, that they were prejudicial to her. Therefore, Petitioner's Motion to Vacate Sentence under § 2255 will be denied.

### B. Motion Seeking Relief and Reduction of Payment

Each of the general avenues that would normally give this court jurisdiction over Petitioner's Motion Seeking Relief are unavailing to her. Federal Rule of Criminal Procedure Rule 35 states that a court may correct a sentence within fourteen days of the oral sentencing or reduce a sentence for a defendant who provides substantial assistance to the Government. Fed. R. Crim. P. 35. Petitioner has not provided substantial assistance to the Government. Furthermore, she does not assert a sentencing error, nor is she within the fourteen day time limit under the rule. She was

sentenced on July 13, 2016 and made the present motion on March 20, 2017. (Dkt. #65, Pg. ID 382); (Dkt. #75, Pg. ID 414). Therefore, this court has no jurisdiction over her motion under Federal Rule of Criminal Procedure 35.

Alternatively, a court may obtain jurisdiction over a claim similar to the Petitioner's based on the enforcement of restitution. The United States Code provides:

> A restitution order shall provide that the *defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or the victim*. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k) (emphasis added).

In her reply to the Government's response, Petitioner attempts to clarify that she is making this request for relief under § 3664, instead of a challenge to the IFRP. (Dkt. #87, Pg. ID 461.) She contends that her economic condition has deteriorated due to her incarceration. (*Id.*) However, her future incarceration was considered at sentencing when this court ordered her to pay restitution while participating in the IFRP. (Dkt. #65, Pg. ID 384, 387.) Petitioner has failed to provide substantial evidence, beyond numerical inferences or general assertions, showing that she is unable to conform to the payments set forth by the IFRP. She offers no bank statements or financial documents to prove that the $5.25 per month she is paid through the IFRP is the only asset, which could be used by her or her family to meet the IFRP payment amounts. Thus, she has failed to meet her preponderance of the evidence burden to adjust restitution. *See* 18

U.S.C. § 3664(e). Further, and more critically, Petitioner has failed to follow the proper steps which would give the court jurisdiction. There is no indication in her original motion or reply that Petitioner notified the Attorney General of her inability to make the restitution payments set forth by the IFRP, as required under 18 U.S.C. § 3664(k). The Sixth Circuit has affirmed district court denials to alter restitution based on similar deficiencies. *See United States v. Hill*, No. 98-3709, 1999 WL 801543, at *1 (6th Cir. Sept. 28, 1999) (affirming the district court's denial of motion to defer restitution where movant "did not attach any proof regarding his financial status or current income . . . [and] there [was] no indication that [movant] formally notified the Attorney General that his financial circumstances had changed"). Given these failures by the Petitioner, the court does not have jurisdiction to consider her motion under 18 U.S.C. § 3664(k).

Finally, a court may have jurisdiction over the Petitioner's motion under the habeas corpus statutes, 28 U.S.C. § 2241 and 28 U.S.C. § 2255. A petition for a writ of habeas corpus challenging the execution of the sentence, proceeds under § 2241, whereas a petition challenging the validity or legality of the sentence operates under § 2255. *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998). In her Motion Seeking Relief, the Petitioner challenges the payments of her restitution, as set forth by the IFRP. (Dkt. #75, Pg. ID 414.) The Petitioner does not suggest that the administration of the IFRP is unlawful, nor does she assert that the execution of the sentence by the Bureau of Prisons is inconsistent with the court's sentencing. Such an inconsistency, just as a constitutional or statutory right violation, could provide the court with a basis to provide her requested relief. Thereby, her motion for a writ must be viewed under § 2241.

Courts in this district have viewed challenges to the IFRB as writs of habeas corpus under § 2241. *See Williams v. Eichenlaub*, No. 08-12679, 2010 WL 1139333, at *1 (E.D. Mich. March 24, 2010); *Price v. Marberry*, No. 04-74953-DT, 2005 WL 1342956, at *1 (E.D. Mich. May 18, 2005). Section 2241(a) states that "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C.S. § 2241(a). The Government correctly points out, that this statute does not give the court jurisdiction to hear the present motion as the Petitioner is not located within the Eastern District of Michigan. (Dkt. #82, Pg. ID. 445.) A petition for a writ of habeas corpus under § 2241 is jurisdictionally proper in the district where her custodian is located. *Wright v. United States Board of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 496 (1973)). Given that the location of both the Petitioner's incarceration and her custodian is outside the Eastern District of Michigan in West Virginia, a writ of habeas corpus under § 2241 does not give this court jurisdiction over her motion.

Petitioner has failed to offer any basis as to why this court has subject matter jurisdiction over her motion. Furthermore, she has not satisfied the necessary requirements for this court to have jurisdiction under Federal Rule of Criminal Procedure 35 or 18 U.S.C. § 3664(k). Nor can a writ of habeas corpus under 28 U.S.C. § 2441(a) provide the needed jurisdiction for this court to proceed with her motion. The Sixth Circuit has clearly stated that a judicial proceeding against the IFRP is meritless when the Defendant lacks any constitutional, statutory or decisional authority to give the

district court jurisdiction. *United States v. Callan*, 96 Fed. App'x (6th Cir. 2004). Likewise, Petitioner's motion is meritless and will therefore be denied.

## IV. CERTIFICATE OF APPEALABILITY

The Federal Rules of Appellate Procedure provide that an appeal of a habeas corpus proceeding cannot take place unless a certificate of appealability is issued. Fed. R. App. P. 22. However, no certificate of appealability is required for a writ of habeas corpus proceeding under § 2241. 28 U.S.C.A. § 2253(b); *accord Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Under a § 2255 habeas corpus petition, a certificate of appealability may be issued by a court when the petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To be granted a certificate of appealability, the Petitioner must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has not shown that she was denied a constitutional right, as required under the statute. Her ineffective assistance of counsel claims, providing the basis for her habeas petition, are frivolous, without merit, or altogether inconsistent with the proceedings of her case. No reasonable jurists would find that she has arguably shown counsel to be deficient, let alone prejudicial toward her. Thus, no certificate of appealability will be issued by this court.

## V.  CONCLUSION

IT IS ORDERED that Petitioner's Motion to Vacate Sentence (Dkt. #66) is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion Seeking Relief (Dkt. #75) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

/s/ Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 3, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 3, 2017, by electronic and/or ordinary mail.

/s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522