# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 14-20359-1
                                                                                    17-10283
                                                                                    18-10933

NAKEYSHA WISDOM,

    Defendant.

_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR RECONSIDERATION, TRANSFERRING DEFENDANT'S SECOND § 2255 MOTION TO THE SIXTH CIRCUIT, AND DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL**

Defendant Nakeysha Wisdom was convicted by her plea of guilty to one count of conspiracy to commit health care fraud in violation of 18 U.S.C. §§ 1349, 1347 and sentenced to 70 months imprisonment. (Dkt. #65.) Before the court are three pending motions: a motion for reconsideration of the court's order denying her motion under 28 U.S.C. § 2255 (Dkt. #92), a motion for appointment of counsel (Dkt. #109), and a motion to vacate her sentence under § 2255. As to the first motion, the Government has filed a response. (Dkt. #110.) For the following reasons, Defendant's motion for reconsideration will be denied without prejudice, her motion to vacate her sentence will be transferred to the Sixth Circuit, and her motion for appointment of counsel will be denied.

## I. BACKGROUND

Defendant opened and operated CLW Adult Day Care Service ("CLW"), a business that purportedly provided psychotherapy services. (Dkt. #31 Pg. ID 139.) From

May 2011 to December 2013, CLW billed Medicare for those services; all told, CLW submitted approximately $4.7 million in claims to Medicare, for which Medicare paid approximately $900,000. (*Id.* at Pg. ID 139–40.) Defendant admitted that she "directed the billing of Medicare for psychotherapy services that were not medically necessary, were never provided, or were for beneficiaries who were not present at CLW." (*Id.* at Pg. ID 139.) She acknowledged receipt of the $900,000 paid by Medicare, but she denied that the entire amount was attributable to fraudulent billing. (*Id.* at Pg. ID 139–40.)

## II. DISCUSSION

### A. Motion for Reconsideration (Dkt. #92)

Following entry of judgment in this case, Defendant moved under 28 U.S.C. § 2255 to vacate her sentence. (Dkt. #66.) After the Government responded to the motion (Dkt. #80), Defendant moved to obtain copies of the transcript of her sentencing hearing at no cost to her. (Dkt. #88.)

Before ruling on the motion for the sentencing transcript, the court issued its order denying Defendant's motion to vacate. (Dkt. #91.) Defendant now moves for reconsideration of that order. (Dkt. #92.) She informs the court that, at the same time she moved to obtain the sentencing transcript, she sent in a motion to hold her § 2255 in abeyance so that she would have time to review the transcript and respond appropriately. She asks for reconsideration because the court did not hold the § 2255 motion in abeyance, so she did not have time to review the transcript before filing a reply. She asserts that the failure to grant an abeyance and allow a reply brief is a palpable defect because the transcript was necessary to point out errors by the Government.

2

As an initial matter, there is no record of a motion to hold the § 2255 in abeyance in June 2017, around the time of her motion for the sentencing transcript. Although she asserts that she sent the two motions in the same envelope, the court has been unable to find any record of having received the original abeyance motion. There is, however, what seems to be a copy of the abeyance motion docketed in August 2017, just moments after the motion for reconsideration. It appears to the court that Defendant must have sent in a copy of her abeyance motion along with her motion for reconsideration. The court accepts Defendant's representation that she sent in the original abeyance motion in June, not just with her reconsideration motion.[1]

In any event, the court is inclined to find that the motion for reconsideration is without merit. Defendant was not entitled to a reply brief on her § 2255 motion; replies are optional, and the court could properly decide her motion without the benefit of a reply. *See* Rule 5(e), Rules Governing Section 2254 and 2255 Cases. But the Government suggests—and the court agrees—that a sensible course is to permit Defendant, if she can do so in good faith, to file a renewed motion for reconsideration. Defendant should now be in receipt of the transcript of her sentencing hearing, as the court granted her motion for a transcript by docket text order and served her with a copy of the transcript. If Defendant determines, after reviewing the transcript, that there was some palpable defect by which the court or the parties have been misled that would lead to a different disposition of her motion to vacate, *see* E.D. Mich. L.R. 7.1(h)(3), she

---

[1] Further complicating matters, the motion to hold in abeyance was granted as a text entry as to the wrong motion. Defendant moved for abeyance as to the § 2255 motion, but it was inadvertently granted as to the reconsideration motion. While this has added docket confusion, the confusion will not prejudice Defendant because the court will now give her time to review the transcript.

may file a renewed motion for reconsideration no later than July 30, 2018.

## B. Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Dkt. #112)

As noted above, Defendant first filed a motion to vacate her sentence under 28 U.S.C. § 2255 in January 2017 (Dkt. #66), which the court denied (Dkt. #91). Now before the court is another motion to vacate under § 2255. (Dkt. #112.)

Where a defendant seeks to file a second or successive motion under § 2255 with the district court, the defendant must file a motion in the appropriate court of appeals for authorization. 28 U.S.C. § 2244(b)(3)(A). "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the court of appeals], the district court shall transfer the document to [the court of appeals] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Because Defendant has not obtained authorization from the Sixth Circuit to file a second motion under § 2255, this court must transfer any second or successive § 2255 motion to the Sixth Circuit. Given the docket confusion in this case, the court could consider this entry as an *amended* motion to vacate—rather than a second motion to vacate—that includes the arguments Defendant intended to offer in reply on her initial motion. Indeed, the motion seems to offer up many of the same arguments Defendant made in her first § 2255 motion. But the second motion does raise at least one new claim: that Defendant's counsel failed to file a direct appeal within 14 days of her sentencing. (*See* Dkt. #112 Pg. ID 626.) In light of the styling of the motion and the inclusion of another ground for relief, the court will construe the motion as a second § 2255 motion and will, as it is bound to do, transfer it to the Sixth Circuit. The court makes this transfer notwithstanding Defendant's ability to move again for

reconsideration on the denial of her first § 2255 motion; even if the court were to grant a motion for reconsideration, it would not affect the status of this motion as a second motion under § 2255 that is properly transferred to the Sixth Circuit.

### C. Motion for Appointment of Counsel (Dkt. #109)

Defendant moves for appointment of counsel to assist her with the § 2255 motions that she has filed; she argues that the court has taken too long to decide her pending motions, and that counsel should thus be appointed. The court may appoint counsel to a party seeking relief under 28 U.S.C. § 2255 if the party is financially eligible for such an appointment and "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The court having determined that Defendant's first motion to vacate was without merit, and having determined that it must transfer Defendant's second § 2255 motion to the Sixth Circuit, the court will deny the motion; the interests of justice do not require appointment of counsel here. This denial is without prejudice to Defendant's ability to move the Sixth Circuit for appointment of counsel on her second § 2255 motion.

### III. CONCLUSION

Multiple pro se entries and general docket confusion have complicated what would otherwise be simple issues in this matter. Defendant was not entitled to a reply brief on her first motion under § 2255, and this court denied the grounds upon which Defendant sought to challenge her sentence. Even after receipt of the sentencing transcript, Defendant's second § 2255 motion does not appear to raise any error supportable by that transcript. Nonetheless, because of the docketing confusion, the court will provide Defendant an opportunity to argue—if she can—that the court was

5

misled by some palpable defect. Notwithstanding the outcome of the motion for reconsideration, Defendant's second motion under § 2255 must be transferred as a second or successive § 2255 that was filed in this court without authorization from the Sixth Circuit. Accordingly,

IT IS ORDERED that Defendant's Motion for Reconsideration (Dkt. #92) is DENIED WITHOUT PREJUDICE. If Defendant believes reconsideration is warranted, she may refile a motion for reconsideration no later than **July 30, 2018**.

IT IS FURTHER ORDERED that Defendant's Motion for Appointment of Counsel (Dkt. #109) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Dkt. #112) is TRANSFERRED to the Court of Appeals for the Sixth Circuit for appropriate review.

                                              s/Robert H. Cleland                /
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: July 17, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 17, 2018, by electronic and/or ordinary mail.

                                              s/Lisa Wagner                      /
                                              Case Manager and Deputy Clerk
                                              (810) 292-6522

Z:\Cleland\KNP\2255\14-20359-1.NAKEYSHAWISDOM.Deny.Reconsideration.WOP.Transfer.Successive.2255.KNP.docx